# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# <u>Greenwood</u> Division

| | | |
|---|---|---|
| Katarzyna Ellsworth | ) | |
| | ) | Case No.  8:15-cv-04570-HMH |
| Plaintiff, | ) | |
| Vs. | ) | |
| | ) | **COMPLAINT** |
| Navient Solutions, Inc. | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

## INTRODUCTION

1. This action arises out of the illegal collection conduct and telephone harassment of the Plaintiff by Defendants.

2. Plaintiff brings this action for the Defendant's willful violations of the South Carolina Consumer Protection Code, S.C. §37-5-108, Telephone Consumer Protection Act, 47 U.S.C. Section 227 et. seq., and Unfair Trade Practices, S.C. Code §39-5-20.

## PARTIES

3. Katarzyna Ellsworth (hereinafter "Plaintiff") is a natural person who resides in county of Greenwood, State of South Carolina.

4. Defendant Navient Solutions, Inc. (herein after referred to as "Navient") is a Foreign Corporation with a principal address of and a registered agent address of 1703 Laurel Street, Columbia, SC 29201.

## JURISDICTION

5. Jurisdiction of this Court arises under 47 U.S.C. § 227 and 28 U.S.C. §§ 1331 and 1337.

6. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## FACTS

7. Plaintiff began receiving automatic and artificial voice messages and calls from Navient in August of 2015on her cell phone number 651-216-9279, in regards to her Federal Family Education Loans, or 'FFEL' student loans.

8. Plaintiff answered the phone but the message was an artificial or prerecorded voice message and Plaintiff was unable to speak with a live person.

9. Plaintiff intended to consolidate her loans and was in the process of consolidating her FFEL loans with Direct Loans, through FedLoan Servicing.

10. The constant phone calls distracted Plaintiff during her studies, work, and family time.

### *Request to Stop Calling on August 17, 2015*

11. On or about August 17, 2015, the Plaintiff called Navient at the phone number provided in the artificial voice recording.

12. Plaintiff informed Navient that she was aware of the loans and in the process of taking care of the loans. Plaintiff further requested that "Please stop calling" or words to that effect.

13. Plaintiff further told Navient "this is my cell phone."

14. Plaintiff requested that Navient "please make a note that I asked to stop calling my cell phone" or words to that effect.

15. Despite these requests, Navient continued to call Plaintiff using an automatic dialing system and an artificial voice message.

16. Navient often called Plaintiff several times a day.

17. When Plaintiff answered the phone, she was met with an artificial voice message and could not speak with a live person.

18. Eventually, Plaintiff's loans were consolidated and Defendant was no longer servicing any of Plaintiff's loans. However, Defendant continued to call Plaitniff's cell phone.

### *Request to Stop Calling on October 15, 2015*

19. On or about October 15, 2015, Plaintiff called Defendant Navient again to request that the phone calls stop.

20. Plaintiff informed the Defendant that her loans had been consolidated and that Navient no longer serviced any loans. Navient began arguing that the loans were not consolidated. Plaintiff told the Defendant that she had previously requested

that Defendant stop calling her cell phone. Again, Plaintiff requested that the phone calls stop.

21. Defendant Navient told the Plaintiff that there is a note that Plaintiff asked to stop calling on or about August 17, 2015. However, Defendant told Plaintiff that the phone calls are made using their automatic dialing system and there is no way to stop phone calls until the account is brought current.

22. Frustrated that the loans were already consolidated and by the constant phone calls, Plaintiff again asked Defendant to stop calling.

23. Defendant called Plaintiff again that same day, shortly after the phone call ended.

24. Defendant continued to call Plaintiff's cellular phone number using an artificial voice message and refused to stop calling and harassing Plaintiff.

### *Telephone Consumer Protection Act*

25. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. §153(32).

26. At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. §153(14) that originated, routed, and/or terminated telecommunications.

27. The Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

28. The Defendant at all times relevant to the complaint herein engages in

"interstate communications" by the TCPA 47 U.S.C. § 153(22).

29. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

30. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

31. Defendants used an auto-dialing system and used artificial or pre-recorded messages to telephone Plaintiff's cellular telephone, without her consent.

32. Plaintiff continued to receive auto-dialed calls and recorded or artificial voicemails from Defendant after requesting that Defendant stop calling her cell phone.

33. Defendant's acts were knowing and willful.

### TRIAL BY JURY

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury on issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38

### COUNT I.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. Section 227 et seq.

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Within the one year period immediately preceding this action, Defendants made

numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

37. The acts and or omissions of Defendants at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendants at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

39. Defendants did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone and any such consent was effectively revoked.

40. Defendants made such calls willfully.

41. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to actual damages or statutory under the TCPA of $500.00 per phone call made to Plaintiff.

42. Defendants willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

43. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system

pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT II.
## UNFAIR TRADE PRACTICES
## S.C. Code §39-5-10, et. seq.

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The activities of the Defendant constitute trade or commerce as defined by the South Carolina Code, Section 39-5-10, et. seq.

46. The actions of the Defendant constitute unfair and deceptive practice in the conduct of trade or commerce as prohibited by the South Carolina Unfair Trade Practice Act, 39-5-20, et. seq. and are willful violations thereof.

47. The actions of the Defendant has a real substantial potential for repetition that affects the public interest.

48. Upon information and belief, the actions described herein have been repeated by Defendant.

49. The Plaintiff has suffered an ascertainable loss due to the unlawful actions of the Defendant, entitled Plaintiff to recover actual damages in an amount to be proven at trial, treble said actual damages, and an award of attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

## COUNT I.
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. Section 227 et seq.

- For an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant and for Plaintiff;

- For an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant and for Plaintiff;

- For an injunction prohibiting Defendants from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a); and

## COUNT II.
## SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT
## S.C. Code §39-5-10, et. seq.

- For an award of actual damages, §39-5-140

- Three (3) times the actual damages pursuant to §39-5-140

- For an award of reasonable attorney fees and costs, 39-5-140

- For such other and further relief as may be just and proper.

Respectfully submitted,

Dated: November 11, 2015              **ELLSWORTH LAW FIRM**

                                                     ***/s/ Brian J Ellsworth***
Brian J. Ellsworth (#11839)
201B Waller Ave.
Greenwood, SC 29646
Phone: (864)757-4938
Fax: 864-330-2954
brian@bjellsworth.com
**Attorney for Plaintiff**